UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC,

    Petitioner,

-against-

BREAKTHRU BEVERAGE GROUP, LLC,

    Respondent.

24-MC-27 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Petitioner Republic National Distributing Company, LLC (RNDC), which is the defendant and counterclaimant in *Sazerac Company, Inc. v. Republic National Distributing Company, LLC*, No. 3:23-CV-25-GNS (W.D. Ky.) (the Underlying Action), moves in this Court pursuant to Fed. R. Civ. P. 45(d)(2)(B)(ii) to compel respondent Breakthru Beverage Group, LLC (Breakthru), which is not a party in the Underlying Action, to comply with RNDC's subpoena duces tecum (the Subpoena) (Dkt. 4-1), as narrowed by the parties' pre-motion negotiations. For the reasons discussed on the record at today's oral argument:

    1.    Insofar as the Subpoena seeks documents which by definition are also in the possession of Sazerac Company, Inc. (Sazerac), including all documents responsive to Request No. 1 of the Subpoena and many of the documents responsive to Requests No. 2, 3, 6, 7, 8, and 9 of the Subpoena, RNDC's motion is DENIED. To the extent RNDC has not already obtained those documents from Sazerac, this Court understands that RNDC is seeking them by means of a motion to compel which is fully briefed and pending in the Underlying Action. If the Court in the Underlying Action determines that the documents are discoverable, RNDC will get them from Sazerac. If the Court in the Underlying Action determines that the documents are not discoverable, RNDC is not entitled to a different ruling, as to the same documents, from this Court.

2. Insofar as the Subpoena seeks documents that can be obtained only from Breakthru, including internal Breakthru documents responsive to Requests No. 2, 3, 6, 7, 8, and 9 of the Subpoena, RNDC's motion is GRANTED to the extent that:

   a. RNDC and Breakthru shall promptly meet and confer in good faith to develop appropriate search terms and/or strings designed to return internal Breakthru communications concerning Sazerac's termination of RNDC and transfer of distribution responsibilities to Breakthru in the relevant territories (Maryland, Washington, D.C., South Carolina, Florida, and Arizona).

   b. Breakthru's responsibility to search its internal communications and produce the resulting (non-privileged) documents shall be limited to the period January 1, 2022 through January 31, 2023, and to the five Breakthru custodians most heavily involved in the negotiations with Sazerac regarding the relevant territories and the transitioning of those territories from RNDC to Breakthru. The parties shall confer in good faith to identify and agree upon those custodians. Breakthrough shall not be required, in response to the Subpoena, to search its paper documents.

   c. If after good-faith discussions Breakthru remains concerned that RNDC's proposed search terms and/or strings are overbroad or unduly burdensome, RNDC must test that thesis by running hit reports across the designated databases, using the proposed terms/strings (including variations or modifications where appropriate), and share the results with RNDC as an aid to further refinement.

      d.    No later than **March 22, 2024**, RNDC and Breakthru shall submit a joint letter to this Court, limited to six pages (not including exhibits), in which they shall advise the Court whether and to what extent they remain at impasse with respect to the search and production of internal Breakthru documents as limited by this Order. Should Breakthru again take the position that RNDC's proposed search terms and/or strings are unreasonably burdensome, it must attach, as exhibits, the relevant hit report summaries, as well as any other documents necessary to demonstrate the asserted burdens.

Breakthru's request for an award of its costs and attorneys' fees incurred in responding to RNDC's motion is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 1.

Dated: New York, New York  
       March 8, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**